Stewart, J.
The present case has to do with the interpretation of some of the new enactments in the Workmen’s Compensation Act, effective October 5, 1955.
So far as a misjoinder of parties is concerned, it is true that the administrator is not a necessary party although an allowable one, since it is his decision with which the appeal is concerned.
Either a claimant or an employer may appeal from a decision of the administrator by taking the steps outlined in Section 4123.516, Revised Code. This section provides that upon the filing of a notice of appeal the commission shall assign the appeal for hearing before a Regional Board of Review accordingly as will be most convenient to the claimant, and the decision of the board shall be the decision of the commission unless the commission, upon application of the administrator, the claimant or the employer, allows an appeal to the commission.
In the present case, since the commission did not allow an appeal from the board, the decision of the board became the decision of the commission, and it would only have been necessary to make the commission a party herein, but certainly all the other parties respondent are so intertwined that if not necessary parties they are proper ones.
We come now to the principal issue raised by the demurrer, and that is whether the petition fails to state a cause of action for the reason that relator has an adequate remedy at law by an *524 appeal to the Court of Common Pleas under the provisions of Section 4123.519, Revised Code.
Section 4123.516, Revised Code, providing for an appeal by either claimant or employer from a decision of the administrator, makes it mandatory for the commission to assign the appeal for hearing before a Regional Board of Review and likewise makes it mandatory for such board to hear and determine the appeal. Such board has no authority to dismiss such an appeal, provided the steps for taking it have been complied with, and it is impossible to conceive, in the present case, upon what theory the board undertook to dismiss the appeal before it. We can only imagine that since Section 4123.519 provides for an appeal to the Common Pleas Court from any decision of the commission, other than a decision as to the extent of disability, the board must have erroneously concluded that it does not have authority to hear an appeal as to the extent of disability; and that it considered the appeal in the present case to be upon that question. Even if the appeal were upon that question, the board would be compelled to hear it, but, as a matter of fact, the appeal is not upon that question but does concern the claim of relator that the disability of claimant, whether permanent or otherwise, did not constitute a compensable injury under the workmen’s compensation law.
The dismissal of relator’s appeal by the board and the refusal of the commission to consider an appeal from that order, where the board has a clear and unqualified duty to hear the appeal, bring us to the vital question in the present case — whether relator has an adequate remedy at law by an appeal to the Court of Common Pleas under Section 4123.519. If it does have such a remedy, then it is not entitled to a writ in this case, whereas, if it does not have such a remedy, it is entitled to a writ commanding the board to exercise the clear duty imposed upon it by law to render a decision upon a proper appeal made to it.
The present case does not concern an attempt to control the board as to what its decision should be. Its only object is to secure an order that the board proceed with its clearly defined legal duty to hear the appeal.
*525 As was said in the case of State, ex rel. Davey, Governor, v. Owen, Judge, 133 Ohio St., 96, at page 106, 12 N. E. (2d), 144, 114 A. L. R., 686:
“The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be.”
Ordinarily, in any case where a court enters an order of dismissal for lack of jurisdiction, an appeal on questions of law may be had to a higher court as to the correctness of the order. However, Section 4123.519 does not provide for such an appeal from an order of dismissal by the board or the commission. That section reads in part as follows:
“The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission.
i i * # *
“Further proceedings shall be had in accordance with the rules of civil procedure. The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action.
‘ ‘ The court shall certify its decision to the commission and such certificate shall be entered in the records of the court and appeal from such judgment shall be governed by the law applicable to the appeal of civil actions.”
Thus, it seems clear that the appeal contemplated from either the board or the commission is one in which the sole question for the court, or a jury if demanded, is the determination of the right of the claimant to participate or to continue to participate in the State Insurance Fund, upon the evidence adduced at the hearing in the court. There is no provision for re *526 manding a cause to the commission or a board where that board has unlawfully declined to hear an appeal from the administrator.
In all probability the General Assembly never contemplated such action, where an appeal had been properly perfected, and, therefore, considered that such an order would be null and void. We so hold it to be, and, therefore, the relator is entitled to a writ of procedendo to compel the board to hear its appeal.

Demurrer overruled and writ allowed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taet, JJ., concur.